# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00410-MSK-STV

TERRELL FREDERICK,
an individual, on his own behalf, and on behalf of LF, his minor child

    Plaintiff,

v.

COL-TERRA INVESTMENTS XIV,

    Defendant.

_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Defendant's Motion to Stay Discovery and Vacate April 28, 2017 Scheduling Conference [#19] (the "Motion to Stay"), which has been referred to this Court [#21]. The Motion to Stay was filed on April 12, 2017. [#19] Plaintiff's Response was due on May 3, 2017, *see* D.C.Colo.LCivR 7.1(d), yet Plaintiff has not filed a Response. This Court has carefully considered the Motion to Stay, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion to Stay. For the following reasons, I **GRANT** the Motion to Stay.

## I.    Procedural Background

    Plaintiff's Complaint alleges a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2012) ("ADA"). [#1] In particular, Plaintiff's Complaint alleges that Defendant violated the ADA by failing to provide accessible parking space

identification signs sixty inches above the finish floor or ground surface as required by regulations implementing the ADA. [*Id.* at ¶ 38] On April 10, 2017, Defendant filed a Motion to Dismiss arguing that Defendant's raising of the parking signs has mooted the issue, thereby depriving this Court of subject matter jurisdiction. [#17][1] The Motion to Stay seeks to stay discovery pending resolution of the Motion to Dismiss. [#19][2]

II.     **Analysis**

When considering whether to grant a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Considering these factors, the Court concludes that a stay is warranted pending resolution of the pending Motion to Dismiss.

First, although Plaintiff has an interest in proceeding expeditiously, Plaintiff has failed to identify any specific prejudice that would befall Plaintiff as a result of any such delay. Indeed, Plaintiff has not responded to the Motion to Stay. Because Plaintiff has failed to provide any "specific examples of how [his] ability to conduct discovery might

---

[1] Plaintiff has filed an Amended Complaint [#20] that Plaintiff claims moots the Motion to Dismiss. [#27] The Amended Complaint contains an additional alleged ADA violation. [#20] Neither the Motion to Dismiss nor the Motion for Clarification or Extension of Time to Respond to Defendants Motion to Dismiss ("Motion for Clarification") have been referred to this Court.

[2] The Motion to Stay also seeks an Order vacating the previously scheduled April 28, 2017, scheduling conference. [*Id.*] On April 14, 2017, this Court vacated the scheduling conference pending resolution of the Motion to Stay. [#22]

be adversely affected by a stay," the Court finds that Plaintiff's general interest in proceeding expeditiously does not overcome other factors discussed below that weigh in favor of a stay. *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010).

Second, the Court finds that proceeding with discovery would impose a burden upon Defendant. A ruling in favor of Defendant on the Motion to Dismiss would be dispositive. Thus, staying discovery may relieve the burdens of discovery for Defendant. Accordingly, the second factor supports granting the Motion to Stay.

Third, the Court considers its own convenience. The Court recognizes the general policy in the District of Colorado disfavoring a complete stay of discovery, "as the resulting delay makes the Court's docket less predictable and, hence, less manageable." *Stone*, 2010 WL 148278, at *3. However, courts have acknowledged that "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id.* Here, if successful, the Motion to Dismiss would entirely dispose of the instant action. Given that this proceeding is at the very early stages, the Court finds that the interests of judicial economy weigh in favor of granting the stay.

The fourth and fifth factors do not overcome the factors that support granting a stay. Neither party has identified any nonparty whose interests would be impacted by the requested stay. Moreover, while the public has an interest in the speedy resolution of legal disputes, *see, e.g.*, *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009), under the specific

circumstances of this case, the Court finds that resolution of the Motion to Dismiss will conserve judicial resources and further the public's interest in judicial economy.

Considering the factors set forth above, the Court determines that a stay of discovery pending resolution of the Motion to Dismiss is warranted. Accordingly, it is **ORDERED** that the Motion to Stay [#19] is **GRANTED**. Discovery shall be stayed pending resolution of the Motion to Dismiss.[3] A status conference is set for July 10, 2017, at 11:00 a.m. Counsel may appear telephonically at that status conference by initiating a telephone call among all individuals participating by phone and calling the Court (303.335.2365) at the scheduled time.

DATED: May 10, 2017

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

[3] Should the Motion for Clarification be granted and the Court declare the pending Motion to Dismiss moot, discovery will remain stayed pending determination of any renewed Motion to Dismiss.